UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Christopher Dean,<br><br>                 Plaintiff,<br>v.<br><br>Time Warner Cable, Inc.,<br><br>                 Defendant. | Civil Action No.: 1:15-cv-5545<br><br>**COMPLAINT** |

For this Complaint, Plaintiff, Christopher Dean, by undersigned counsel, states as follows:

### JURISDICTION

1. This action arises out of Defendants' repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA"), and the invasions of Plaintiff's personal privacy.

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

### PARTIES

3. Plaintiff, Christopher Dean (hereafter "Plaintiff"), is an adult individual residing in Waverly, Ohio, and is a "person" as the term is defined by 47 U.S.C. § 153(39).

4. Defendant, Time Warner Cable, Inc. ("TWC"), is a New York business entity with an address of 60 Columbus Circle, New York, New York 10023, and is a "person" as the term is defined by 47 U.S.C. § 153(39).

5. Defendants John and Jane Does 1 - 10 are the individual agents for the TWC, but whose names are unknown. The Complaint will be amended to add their names when they are determined through discovery.

6. TWC at all times acted by and through one or more of the Agents.

## FACTS

7. Within the last year, TWC contacted Plaintiff in an attempt to collect a consumer debt allegedly owed by someone unknown to Plaintiff.

8. At all times mentioned herein, TWC called Plaintiff's cellular telephone, number 740-222-0000, by using an automated telephone dialer system ("ATDS") and an artificial or prerecorded voice.

9. TWC uses an "interactive voice response" calling system (the "IVR") to advise its customers when their accounts are past due. The IVR is an ATDS as defined under the TCPA in that it creates a list of telephone numbers and then dials the same without human intervention. *See King v. Time Warner Cable*, 2015 WL 4103689, *4 (S.D.N.Y. July 7, 2015).

10. When Plaintiff answered calls from TWC, he was met with a prerecorded message – i.e. not a call by a live person – stating the call was about a past bill and it instructed Plaintiff to call TWC back.

11. Plaintiff never provided his cellular telephone number to TWC and never provided his consent to be contacted on his cellular telephone number.

12. Furthermore, during a live conversation in 2014, Plaintiff advised TWC that it was calling the wrong telephone number and requested that all communication to his cellular telephone number cease.

13. During the aforementioned conversation, Plaintiff asked TWC how many accounts were affiliated with his cellular telephone number.

14. TWC responded that approximately fifty (50) accounts were affiliated with Plaintiff's cellular telephone number. TWC then advised Plaintiff that they would look into the matter and take Plaintiff's number off their call list.

15. Despite the foregoing, TWC continued to call the Plaintiff on his cellular telephone number with its IVR and without Plaintiff's prior express consent.

## COUNT I
## VIOLATIONS OF THE TCPA –47 U.S.C. § 227, et seq.

16. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

17. Plaintiff never provided his cellular telephone number to TWC and never provided his consent to be contacted on his cellular telephone.

18. Without prior consent TWC contacted the Plaintiff by means of automatic telephone calls and prerecorded messages at a cellular telephone in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

19. TWC continued to place automated calls to Plaintiff's cellular telephone after being advised it had the wrong number and knowing there was no consent to continue the calls. As such, each call placed to Plaintiff was made in knowing and/or willful violation of the TCPA, and subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

20. The telephone number called by TWC was assigned to a cellular telephone service for which Plaintiff incurs charges for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

21. The calls from TWC to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

22. TWC's telephone system has the capacity to store numbers in a random and sequential manner.

23. Plaintiff is entitled to an award of $500.00 in statutory damages for each call made in negligent violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

24. As a result of each call made in knowing and/or willful violation of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendants:

1. Statutory damages of $500.00 for each violation determined to be negligent pursuant to 47 U.S.C. § 227(b)(3)(B);

2. Treble damages for each violation determined to be willful and/or knowing pursuant to 47 U.S.C. § 227(b)(3)(C);

3. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: July 16, 2015

Respectfully submitted,

By _____
Sergei Lemberg, Esq. (SL 6331)
LEMBERG LAW, L.L.C.
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile:  (203) 653-3424
Attorneys for Plaintiff